## Case No. 10,781.

### PARSONS et al. v. OGDEN.

[4 Blatchf. 99;[1] 37 Hunt, Mer. Mag. 710; 38 Hunt, Mer. Mag. 710.]

Circuit Court, S. D. New York. Sept. 23, 1857.[2]

CHARTER PARTY—BREACH OF CONDITION—DEDUCTION OF DAMAGE FROM FREIGHT.

1. In this case, which was a suit for freight money on the charter of a vessel, the court *held* that the master of the vessel wrongfully refused to permit her to be laden in accordance with the charter-party, and that the damage sustained by the charterer on account of such non-compliance with the charter-party ought to be deducted from the freight.

[Cited in Elwell v. Skiddy, 77 N. Y. 294.]

2. But, to save expense and prevent delay, the court, instead of sending the case to the clerk, to take proof as to such damage, made the deduc-

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
2 [Modifying Case No. 11,160; decree of circuit court affirmed in 23 How. (64 U. S.) 167.]

tion itself, and modified the decree below to that extent.

3. No costs were allowed to either party, on the appeal.

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel in personam, filed in the district court, by the owners of the ship Hemisphere, to recover the freight money on a charter-party. The whole of the vessel, except the deck, room for crew, &c., was chartered to the respondent, for a voyage from Liverpool to New York. He was to supply her with a full cargo of general merchandise, and not exceeding five hundred and thirteen passengers, second cabin and steerage, and the ship was not to take exceeding her registered tonnage of iron. This was one thousand and twenty tons. The charterer was to pay, for the hire of the vessel, the round sum of £1,500 sterling. A dispute arose between the captain and the consignee at Liverpool, in respect to the stowing of the goods. The former refused to stow the iron in the hold, to the extent of the quantity mentioned in the charter-party, but stowed part of it between decks; and, in consequence, the vessel was unable to carry the number of passengers mentioned. She was laden with only some 923 tons of dead freight, and 374 tons admeasurement, together with 303 passengers. She had, on a previous voyage from Liverpool to New York, carried a larger freight of the same description, and her full complement of passengers. The district court decreed for the libellants [Case No. 11,160], and the respondent appealed to this court.

Charles Donohue and John E. Parsons, for libellants.

Francis B. Cutting, for respondent.

NELSON, Circuit Justice. The charter-party is carelessly drawn, and it is perhaps difficult to say that it contains a warranty or covenant to carry the freight and passengers mentioned in it, as was probably intended. But I am satisfied that both parties contemplated, at the time, that freight and passengers to the extent and number mentioned were to be carried, if furnished by the charterer. The measure of compensation was doubtless regulated very much thereby. I am, also, satisfied that the vessel had sufficient capacity to comply, in this respect, with the terms of the charter; and that the captain wrongfully refused to permit her to be thus laden. I had doubts, on the first hearing, whether or not the testimony of J. C. Taylor was admissible, or the case would then have been disposed of according to the view above stated. It is pretty certain, upon the further testimony on this point, that a release was executed to him by the respondent, before his testimony was taken.

The vessel should have carried some 150 passengers more than were taken on board. I think the proof full that they could have been furnished, and that a considerable number had been engaged, and were obliged to be sent by other vessels.

The case, upon the view I have taken, should be sent to the clerk, to take proofs as to the damage sustained on account of the non-compliance with the charter-party, and which should be deducted from the freight. But, to save expense, and prevent further delay, I shall make the deduction myself, and shall accordingly direct that the decree below be modified, by deducting therefrom the sum of $1,200, and that no costs be recovered by either party on the appeal.

This decision was affirmed by the supreme court, on appeal. See Ogden v. Parsons, 23 How. [64 U. S.] 167.